**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**FERNANDO MICHELON and DEIVDE RODRIGUES, on behalf of themselves and on behalf of all others similarly situated,**

**Plaintiffs,**

**v.**

**FM HOME IMPROVEMENT, INC., and MILTON FANTIN,**

**Defendants.**

**Civil Action No.: 2:09-4646**

**OPINION**

**HON. WILLIAM J. MARTINI**

**MEMORANDUM OPINION**

Plaintiffs, Fernando Michelon ("Michelon") and Deivde Rodrigues ("Rodrigues"), filed a Complaint on behalf of themselves and on behalf of all others similarly situated against Defendants, FM Home Improvement Inc. ("FM") and Milton Fantin ("Fantin," and with FM, collectively the "Defendants"). Plaintiffs are former employees of FM. Milton Fantin is an owner and manager of FM. The gravamen of Plaintiffs' Complaint is that FM failed to compensate them for overtime hours worked as required by law and paid them less than the prevailing government wage. The Complaint alleges eight counts, including:

Count I – Breach of Contract against FM;
Count II – Quantum Meruit against all Defendants;
Count III – Fair Labor Standard Act against all Defendants;
Count IV – New Jersey Labor Law, N.J.S.A 34:11 et seq., against all Defendants;
Count V – New York Labor Law, 12 N.Y.C.R.R. §§ 137-143, against all Defendants;
Count VI – New Jersey Prevailing Wage Law against all Defendants;
Count VII – New Jersey Labor Law Retaliation against all Defendants (brought by Plaintiff Rodrigues only); and
Count VIII – Fair Labor Standard Act Retaliation against all Defendants, 29 U.S.C

§ 201 et seq. ("FLSA") (brought by Plaintiff Rodrigues only).

Presently before the Court is Plaintiffs' Motion to Amend the Complaint and For Collective Action Certification under The Fair Labor Standards Act. The Court, for the reasons stated below, will **GRANT** Plaintiffs' Motion to Amend the Complaint, will **GRANT** certification for collective action under the FLSA, will **GRANT** Defendants' Cross Motion to Dismiss the state law claims, and will **GRANT** Plaintiffs **3** years of information in regard to Defendants' employees.

## I. FACTUAL BACKGROUND ALLEGED IN THE COMPLAINT

Defendant FM Corporation is a New Jersey corporation that derives its revenue from construction work done in New Jersey and New York. (Compl. 2.) Individual defendant, Milton Fantin is an owner of FM Corporation. Plaintiff Michelon worked for Defendants as a foreman and a laborer performing tasks such as roofing, siding, and other forms of manual labor during the course of June 2002 through May 31, 2009. (Compl. 4.) Plaintiff Rodrigues worked for Defendants as a foreman and a laborer also performing tasks such as roofing, siding, and other forms of manual labor, but only during the course of March 2008 through August 31, 2009. (Compl. 4.) Defendant Fantin had control over aspects of Plaintiffs' employment, including work schedule, wage payment, and employment records. (Compl. 4.)

Plaintiffs allege that they regularly worked over forty hours per week, but were not paid the proper overtime under federal, New Jersey state or New York state law. (Compl. 5.) Plaintiffs each had an oral contract to perform work for Defendants in exchange for payment in the form of hourly wages. (Compl. 6.) The alleged oral agreements provided for Plaintiffs to be paid a specific hourly rate and for the agreements to be renewed indefinitely until or unless either party terminated it. (Compl. 6.) They also included an allowance for a certain number of vacation and sick days. (Compl. 8.) Plaintiffs supplied the labor and complied with the terms of their employment, yet Defendants allegedly failed to pay Plaintiffs the wages they were entitled to under their respective employment agreements. (Compl. 6.) Plaintiffs also allege that Defendants failed to pay the prevailing government wage. Additionally, Defendants failed to compensate Plaintiffs for vacation and sick days. (Compl. 8.)

Rodrigues was terminated by Defendants for allegedly drinking alcohol while working. (Compl. 11.) Rodrigues claims that reason was pretextual and that he was actually terminated because he complained to Defendants about his illegal compensation. (Compl. 11.)

Plaintiff Michelon was paid by Defendants entirely in cash from 2002 through

November 2008. (Michelon Decl. 1.) After November 2008, he was paid by both check and cash as Rodrigues was: check for forty hours per week, plus a cash supplement for the same forty hours, and then paid in cash for any overtime. (Michelon Decl. 2.) Notwithstanding being paid for some work, Michelon is also alleges he was not paid the prevailing government wage and was not paid in full for overtime worked. (Michelon Decl. 2.)

Plaintiffs move to amend the Complaint and also seek certification as a collective action under the FLSA. Plaintiffs seek to amend by adding proposed plaintiffs DeSouza and Portillo (which is unopposed), and proposed defendants (Martinho Fantin, Leonela Fantin, and Elizabeth Framing Corp.), state and federal RICO causes of action, state and federal retaliation causes of action on behalf of proposed plaintiff (Portillo), and a class action under New York law.

Proposed Plaintiff Antonio Portillo was also an employee of FM Corporation during the course of March 2008 through December 2009. (Portillo Decl. 1.) First, Portillo alleges Defendants illegally deducted from his pay. (Portillo Decl. 3.) The deductions took place in the following manner: Defendants paid Portillo a legally compliant wage while he worked on public works projects. (Portillo Decl. 3.) However, in subsequent pay checks (for work on private projects) Defendants would take significant deductions[1] from Portillo's weekly pay. (Amended Compl. ¶ 37.) Portillo alleges that Defendants deducted the sums under the pretext that he was paying back a loan. However, Portillo claims he never actually borrowed money from FM. (Portillo Decl. 3.) Additionally, notwithstanding being paid for some work, Portillo is claiming (like all other Plaintiffs and proposed Plaintiffs) that he was not paid the prevailing government wage and was not paid in full for overtime worked. (Portillo Decl. 4.)

Proposed Defendants Martinho Fantin and Leonela Fantin (in addition to Defendant Milton Fantin) are owners and managers of FM Corporation. (Compl. 2.) Proposed Defendant Elizabeth Framing Corp. ("Elizabeth") is a business corporation organized under New Jersey law, with its principal place of business in New Jersey. (Amended Compl. 3.) Plaintiffs allege that proposed Plaintiff Portillo was assigned by Martinho Fantin to a public works project in New Jersey. Shortly after beginning work on that project, Individual Defendants (Milton Fantin, Martinho Fantin, and Leonela Fantin) provided Portillo with a paycheck from Elizabeth. (Portillo Decl. 2.) The paystub from Elizabeth reflected wages Defendants were legally obligated to pay. (Portillo Decl. 2.) However, after completing work on that and other public works projects, Individual Defendants and FM deducted significant amounts of money from Portillo's later paychecks in order to recover "excess" amounts paid by Elizabeth. (Portillo Decl. 2.) Portillo alleges Defendants deducted the sums under the

[1] Plaintiff Portillo alleges Defendants would routinely deduct hundreds of dollars from his "pay each week." (Portillo Decl. 3.)

pretext that he was paying back a loan, but Portillo claims he never borrowed money from FM. (Portillo Decl. 3.)

## II. STANDARD OF REVIEW

### A. Motion To Amend

Under Federal Rule of Civil Procedure 15, a party may amend its pleading before trial,

> once as a matter of course within (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f) whichever is earlier.

Fed. R. Civ. P. 15(a)(1). Rule 15 also states, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).

Leave to amend may be denied by a court in cases of (1) undue delay; (2) bad faith or dilatory motive; (3) undue prejudice; or (4) futility of amendment. *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (citing *Forman v. Davis*, 371 U.S. 178, 182 (1962)). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Id.* (citing *Glassman v. Computervision Corp.*, 90 F.3d 617, 626 (1st Cir. 1996)). In determining whether an amendment is futile, courts apply the Rule 12(b)(6) motion to dismiss standard. *Id.*

### B. Motion To Dismiss

Defendants' motion to dismiss is brought pursuant to the provisions of Fed. R. Civ. P. 12(b)(6). This rule provides for the dismissal of a complaint, in whole or in part, if the plaintiff fails to state a claim upon which relief can be granted. The moving party bears the burden of showing that no claim has been stated, *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005), and dismissal is appropriate only if, accepting all of the facts alleged in the complaint as true, the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating "no set of facts" language found in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). The facts alleged must be sufficient to "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. This requirement "calls for enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of" necessary elements of the

plaintiff's cause of action. *Id*. Furthermore, in order satisfy federal pleading requirements, the plaintiff must "provide the grounds of his entitlement to relief," which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (brackets and quotations marks omitted) (quoting *Twombly*, 550 U.S. at 555).

In considering a motion to dismiss, the court generally relies on the complaint, attached exhibits, and matters of public record. *Sands v. McCormick*, 502 F.3d 263 (3d Cir. 2007). The court may also consider "undisputedly authentic document[s] that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the [attached] document[s]." *Pension Benefit Guar. Corp v. White Consol. Indus*., 998 F.2d 1192, 1196 (3d Cir. 1993). Moreover, "documents whose contents are alleged in the complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered." *Pryor v. Nat'l Collegiate Athletic Ass'n*, 228 F.3d 548, 560 (3d Cir. 2002). However, the court may not rely on other parts of the record in determining a motion to dismiss. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994).

## III. ANALYSIS

Plaintiffs propose amending the Complaint to add Plaintiffs DeSouza and Portillo (which is unopposed), to add defendants, and to add federal and New Jersey state RICO causes of action. Plaintiffs move for certification as a collective action under the FLSA. Defendants make a cross motion to dismiss Plaintiffs' state law claims for lack of supplemental jurisdiction. Defendants also assert a numerosity defense to Plaintiffs' class action under New York state law.

### A. Plaintiffs' Proposed Amendments

Plaintiffs propose adding three defendants and amending the Complaint to add federal and New Jersey state RICO causes of action. Defendants oppose these amendments.

#### 1. Adding Defendants Martinho Fantin and Leonela Fantin

Defendants argue Martinho Fantin and Leonela Fantin should not be joined as defendants because they are not "Joint Individuals" under the FLSA. (Opposition Br. 7-8.) Under the FLSA more than one person or entity can be responsible for employees' wages under the theory that they are "joint employers." The FLSA states that the determination of whether employment is to be considered "joint employment" "depends upon all the facts in the particular case." 29 C.F.R. § 791.2. Joint employment exists where (1) one employer acts

directly or indirectly in the other employer's interest, and (2) the employers are not completely dissociated with each other and directly or indirectly share control of the employee. *See Ortiz v. Paramo*, 2008 WL 4378373, at *4 (D.N.J. Sept. 19, 2008).

Defendants argue that Third Circuit cases defining "joint employers" have never found joint employers from *within* a company. (Opposition Br. 8.) However, courts outside this Circuit have found that individual officers and owners of a corporation are joint employers under the FLSA. *See, e.g.*, *Gorat v. Capala Bros., Inc.*, 257 F.R.D. 353, 368 (E.D.N.Y. 2009) (holding owners and officers of a corporation were joint employers). The *Gorat* court found that individual defendants in *Gorat* were joint employers because they "possessed the power to control the workers in question." *Id.* (citing *Herman v. RSR Security Servs., Ltd.*, 172 F.3d 132, 129 (2d Cir. 1999)). Like the individual defendants in *Gorat*, Martinho Fantin and Leonela Fantin allegedly possessed the power to control the workers in question. The proposed Defendants allegedly assigned workers to jobs, oversaw their work, hired, and fired workers, and also paid them. (Michelon Decl. ¶¶ 2, 9; Rodrigues Decl. ¶ 17.) Because the proposed amendment is not futile under substantive FLSA law, the Court will permit Plaintiffs to amend the Complaint to add proposed Defendants. *See* Fed. R. Civ. P. 15.

2. Adding Defendant Elizabeth Framing Corporation

Liability under the FLSA extends to employers. *See Chen v. Domino's Pizza*, 2009 WL 3379946, at *4 (D.N.J. Oct. 16, 2009). The FLSA defines an employer (somewhat unhelpfully) as "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). When determining whether an employment relationship exists, courts must weigh the totality of the circumstances and look to the "economic realities" of the relationship. *Chen*, 2009 WL 3379946, at *4 (quoting *Rutherford Food Corp. v. McComb*, 331 U.S. 722, 730 (1947)). The economic reality is that Elizabeth paid Plaintiffs their wages; that appears to be a sufficient allegation in regard to Elizabeth being an employer.

3. Amending Complaint to Include Federal and New Jersey RICO Claims

Plaintiffs move to amend the Complaint to include federal and state RICO causes of action on behalf of proposed Plaintiff Portillo. More specifically, Portillo alleges Defendants violated the Racketeer Influenced and Corrupt Organizations Act (18 U.S.C. § 1964(c) and (d)) ("RICO") and N.J.S.A. 2C:41-2 ("N.J. RICO") in connection with alleged violations of the Hobbs Act, 18 U.S.C. § 1951. Defendants argue Portillo must plead his RICO claims with particularity, pursuant to Federal Rule of Civil Procedure 9. This does not appear to be correct. Factual allegations in support of RICO claims for violations of the Hobbs Act need only satisfy Federal Rule of Civil Procedure 8. *See Marjac, LLC v. Trenk*, 2006 WL

3751395, at *12 (D.N.J. Dec. 19, 2006). Defendants do not contest that Plaintiffs' allegations meet the Rule 8 standard.

**B. Defendants' Cross Motion To Dismiss For Lack Of Supplemental Jurisdiction**

Under 28 U.S.C. § 1367(c)(4), a court should refuse to exercise supplemental jurisdiction, if "in exceptional circumstances, there are compelling reasons for declining jurisdiction." In *Barnello v. AGC Chemicals Americas, Inc.*, 2009 WL 234142 (D.N.J. Jan. 29, 2009), this Court held that the conflict between the federal opt-in provision for FLSA class actions and the coordinate state labor law provision providing for opt-out class actions was itself an exceptional circumstance under 28 U.S.C. § 1367(c)(4). *See Barnello*, 2009 WL 234142, at *5 (stating "[a]llowing Plaintiffs to engage in this tactic would defeat a 'crucial policy decision' of the FLSA, namely Congress's intent to avoid opt-out collective actions in favor of the opt-in requirement"). That conflict also exists here. Therefore, the Court will decline to exercise supplemental jurisdiction in regard to the New Jersey Wage and Hour Law (in regard to hourly wages, overtime, and retaliation), New York Labor Law (in regard to hourly wages and overtime wages), breach of contract, quantum meruit, and unjust enrichment. *See Hyman v. WM Fin. Servs., Inc.*, 2007 WL 1657392, at *3 (D.N.J. June 7, 2007) (declining to exercise supplemental jurisdiction where state law claims derive from a different nucleus of operative facts).

**C. Numerosity Defense**

Defendants claim their current workforce currently has no more than twelve employees and has never exceeded thirty employees during any period of time relevant to this litigation. Defendants argue that Plaintiffs' proposed class fails to satisfy the numerosity requirement in Federal Rule of Civil Procedure 23(a). (Fantin Decl. 2.) Furthermore, the Third Circuit generally approves classes of forty or more, as opposed to less than forty. *See Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001). However, the question is not how many employees Defendants employed at one time, but rather how many employees Defendants employed throughout the time during which Plaintiffs allege Defendants failed to pay wages due under prevailing wage law and under enforceable agreements.[2]

---

[2] Because Plaintiffs have not yet moved for class certification of the state law claims (as opposed to their efforts to certify the FLSA claim), Plaintiffs will be permitted to reargue the issue of numerosity at an appropriate time. Should Plaintiffs move for certification of the New York class action, there may be purported class members having only state law claims. It is unclear whether the named class representatives (apparently asserting both federal and state claims) could appropriately represent those individuals having only state law claims.

**D. Certification as Collective Action Under the FLSA**

The standard for collective action certification is set by statute. *See* 29 U.S.C. § 216.[3] To conditionally certify a class for purposes of sending an FLSA notice of pendency, plaintiffs are required to show "a factual nexus between their situation and the situation of other current and former [employees] sufficient to determine that they are 'similarly situated.'" *Dreyer v. Altchem Envtl. Servs.*, 2007 U.S. Dist. LEXIS 71048, at *6 (D.N.J. Sept. 25, 2007) (quoting 29 U.S.C. § 216 and *Aquilino v. Home Depot Inc.*, 2006 U.S. Dist. LEXIS 66048, at *5 (D.N.J. Sept. 6, 2006)). Courts require as a "'factual foundation . . . information about who is in the potential class and the basis for inferring that the potential members are similarly situated.'" *Ritzer v. U.B.S. Fin. Servs. Inc.*, 2008 WL 4372784, at *2 (D.N.J. Sept. 22, 2008) (quoting *Armstrong v. Weichert Realtors*, 2006 WL 1455781, at *1 (D.N.J. May 19, 2006)).

In *Dreyer*, this Court refused to conditionally certify plaintiffs' claims because sufficient evidence was not present to allege a factual nexus between plaintiffs' circumstances and proposed class members. *See Dreyer*, 2007 U.S. Dist. LEXIS 71048, at *6. Defendants argue Plaintiffs allegations here suffer the same insufficiency. However, Plaintiff Michelon's Declaration states, "[Defendant] set everyone's schedules each day and decided what type of work we would perform." (Michelon Decl. ¶ 9.) Further, Plaintiff Michelon stated, "I worked with many of Defendants' employees. . . . I recall Defendants employing at least sixty (60) employees from 2003 until Defendants fired me in 2009." (Michelon Decl. ¶¶ 17-18.) In other words, the Michelon declaration is significantly more detailed than the short pro forma declaration that appeared in the *Dreyer* litigation. Also, Plaintiffs' Amended Complaint includes declarations made by two proposed Plaintiffs, each of which is four pages and includes details about their respective work schedules, wages, and

---

The Court takes no view on this issue, but merely flags the issue for the parties. *Cf. DeAsencio v. Tyson Foods, Inc.*, 342 F.3d 301, 318 n.18 (3d Cir. 2003); *Lindsay v. Gov't Employees Ins. Co*., 448 F.3d 416, 424 (D.C. Cir. 2006) (noting that a court's "ability to exercise supplemental jurisdiction over the claims of those class members with state law claims only . . . is circumscribed").

[3] 29 U.S.C. § 216 states:

> [a]n action to recover . . . liability . . . may be maintained against any employer . . . by any one or more employees for and on behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

the general treatment they purportedly endured at Defendants' hands. *See* DeSouza Decl.;[4] Portillo Decl.

It appears that certification for collective action of Plaintiffs' FLSA claim is appropriate pursuant to 29 U.S.C. § 216.

**E. Employee List**

Lastly, Plaintiffs allege that they are entitled to obtain a list of employees that worked for Defendants for the past six years pursuant to New York law. *See* New York Labor Law § 198(3). A party alleging violation of the FLSA must file his or her complaint within two years after the cause of action has accrued or within three years if the alleged violation is willful. 29 U.S.C. § 255(a). New York labor law, however, has a six year statute of limitations. New York Labor Law § 198(3). Given that this Court declines to exercise supplemental jurisdiction over Plaintiffs' state law claims, there is no reason to authorize notice to those individuals with state law claims only, i.e., whose claims could not by asserted in this federal action. 29 U.S.C. § 255(a); *see also Sobczak v. AWL Indus. Inc*., 540 F. Supp. 2d 354, 364-65 (E.D.N.Y. 2007). The Court will grant Plaintiffs three years of information in regard to Defendants' employees.

---

[4] For example, proposed Plaintiff DeSouza's declaration discussed his work schedule and further explained:

> I could not understand how Defendants paid me and many of my Spanish speaking co-workers asked me to explain what their paystubs meant. . . . I looked at their paystubs, which appeared similar to mine, but had no luck explaining them. What I could understand about my paystubs and my colleagues' paystubs, however, was the Defendants never paid us for all the hours we worked.

(DeSouza Decl. ¶ 10.)

## IV. CONCLUSION

For the reasoning elaborated above, the Court **GRANTS** Plaintiffs' Motion to Amend the Complaint, adding Plaintiffs DeSouza and Portillo, adding Defendants Martinho Fantin, Leonela Fantin and Elizabeth Framing Corp., and adding federal and state RICO causes of action; and **GRANTS** certification for collective action under the FLSA, and **GRANTS** Defendants' Cross Motion to Dismiss the state law claims, and **GRANTS** Plaintiffs **3** years of information in regard to Defendants' employees.

An appropriate order accompanies this memorandum opinion.

s/ William J. Martini

**DATE: September 8, 2010** **William J. Martini, U.S.D.J.**